ing and effect of the instant provision. I respectfully dissent.

Justice EAKIN, Dissenting.

The majority has taken the plain, lucid, unambiguous phrase "the name of any person not already printed on the ballot" and used "liberal interpretation" to make it mean "the name of any person whether already printed on the ballot or not." This is not liberal interpretation; it is judicial alchemy to which I cannot subscribe.

Legislative phrases that are clear should not give rise to judicial reinterpretation, much less the pursuit of the phantasm of legislative intent. When the legislature speaks clearly, as here, it matters not what a court wishes to divine as their collective intent, whether in pursuit of a sympathetic result or not. It is an invasion of the legislative prerogative to transmogrify clear and unambiguous words into an opposite result.

Joseph William Pizzo, Bensalem, David F. Conn, Elkins Park, for Thomas Eric Panzer, et al.

Dennis M. Abrams, Bala Cynwyd, Kristi E. Jasberg, for D. Dexter Watson.

Before CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

### ORDER

PER CURIAM:

**AND NOW,** this 26th day of March, 2004, the ORDER of the Commonwealth Court is hereby AFFIRMED. The Emergency Application for Expedited Appeal Pursuant to Pa.R.A.P. 310(e) and Emergency Application For Stay of the March 8, 2004 Order of the Commonwealth Court Pursuant to Pa.R.A.P. 1732 is hereby DENIED.